Case 3:09-cv-02339-O Document 9 Filed 02/03/10 Page 1 of 5 PageID 55

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

FEB 3 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ANTONIO OSBORNE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2339-O |
| | § | |
| CAPTAIN GUZIK, ET AL. | § | |
| | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Antonio Osborne, an inmate in the Rockwall County Jail, against three detention officers. On December 8, 2009, plaintiff tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of this suit. Plaintiff answered the interrogatories on January 28, 2010. The court now determines that this case should be summarily dismissed.

II.

Although his pleadings are difficult to decipher, plaintiff appears to allege that he has been denied access to an adequate law library and legal materials necessary to monitor the actions of his court-appointed lawyer in an unspecified criminal proceeding. (*See* Mag. J. Interrog. #1, 2, 3). By this suit, plaintiff seeks more than $2 million in damages and an injunction requiring Rockwall County authorities to provide inmates with adequate legal materials.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.*, 127 S.Ct. at 1965. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 127 S.Ct. at 1964-65. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191,

205-06 (5th Cir. 2007), *cert. denied sub nom., Xavier Univ. of Louisiana v. Travelers Cas. Property Co. of America*, 128 S.Ct. 1230 (2008).

B.

The gravamen of plaintiff's claim is that he has been denied access to an adequate law library. Such a claim must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579, 94 S.Ct. 2963, 2986, 41 L.Ed.2d 935 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609, 611, 30 L.Ed.2d 642 (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). However, no court has ever extended this right beyond the ability to prepare and transmit necessary legal documents. *See Wolff*, 94 S.Ct. at 2984; *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 114 S.Ct. 1081 (1994).

In his interrogatory answers, plaintiff alleges that the law library at the Rockwall County Jail does not have "a content variety of legal information[] for preparation of an effective defense[.]" (*See* Mag. J. Interrog. #7). Plaintiff contends that these deficiencies, together with restrictions limiting the amount of time inmates may use the law library, prevent prisoners from challenging various aspects of their criminal prosecution. (*See* Mag. J. Interrog. #5). However, an inmate who is represented by counsel in an ongoing criminal proceeding has no constitutional right of access to a law library in connection with that proceeding. *See Griffin v. Valdez*, No. 3-08-CV-1237-P, 2008 WL 4491052 at *3 (N.D. Tex. Oct. 1, 2008) (citing cases). By his own admission, plaintiff has been

represented by counsel throughout his criminal case. (*See* Mag. J. Interrog. #1, 5). Consequently, he has failed to state a claim for denial of access to the courts.

C.

To the extent plaintiff attempts to sue his lawyer for ineffective assistance of counsel or other federal civil rights violations, such a claim is without an arguable basis in law. Private attorneys are not "state actors" and cannot be sued under 42 U.S.C. § 1983. *See Featherston v. Knize*, No. 3-06-CV-0729-K, 2006 WL 2215950 at *3 (N.D. Tex. Aug. 2, 2006), *citing Mills v. Criminal Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that private attorneys, even those appointed by the court, are not state actors for purposes of section 1983 liability).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 3, 2010.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE